Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy_Simel@law.state.ak.us

Attorney for Respondent Marc Antrim

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Patrick Robert Harvey,           )<br>                                  )<br>         Petitioner,             )<br>                                  )<br>    vs.                           )<br>                                  )<br>Marc Antrim,                      )<br>Commissioner, Dep't Corrections, )<br>                                  )<br>         Respondent.             )<br>_____) | Case No. 3:05-cv-0083-TMB-JDR<br><br><u>RENEWED MOTION TO REQUIRE<br>COUNSEL TO FURTHER CLARIFY<br>THE GROUNDS FOR HABEAS<br>RELIEF</u> |

Respondent hereby renews his motion to require Patrick Harvey to further clarify the claims he is seeking to litigate in this habeas action.

Harvey has filed a petition for writ of habeas corpus and, after counsel was appointed to represent him, an amended application. [Dkt. 22] Counsel, at the court's request, subsequently filed a statement of grounds for habeas relief. [Dkt. 27]

Respondent then filed a motion asking this court to require counsel for Harvey to further clarify the alleged grounds for relief. [Dkt. 31] This court granted respondent's motion and directed Harvey to further clarify his second and third claims for relief by February 26, 2007. [Dkt. 33] This court almost simultaneously directed respondent to respond to Harvey's amended habeas petition. [Dkt. 34] Harvey has not as of this date filed any pleading that further clarifies the claims he is seeking to litigate in this habeas action. In the absence of further clarification, it is impossible for respondent to determine how best to respond. More specifically, respondent cannot determine whether Harvey has exhausted all of the claims he seeks to litigate.

Harvey's amended petition simply adopts the claims of ineffective assistance of counsel raised in his *pro se* petition. [Dkt. 22] These grounds include (a) trial counsel's purported failure to understand and exclude allegedly contaminated DNA evidence, (b) trial counsel's purported failure to conduct an adequate pretrial investigation and incorporate the investigation into his preparation and presentation of the case, (c) trial counsel's decision not to litigate supposedly non-specific counts prior to and at trial, and (d) the cumulative impact of trial counsel's purported deficiencies. [Dkt. 1 at 5] Harvey's amended petition also incorporates "all of the grounds" raised in his briefs to the Alaska Court of Appeals and his petition for hearing to the Alaska

Supreme Court. [Dkt. 22] In addition, Harvey's amended petition incorporates "in part" the expert opinion provided by Jim McComas. [Dtk. 22].

Harvey's amended petition is entirely inadequate to apprise respondent of the nature of the claims he is seeking to raise. Although Harvey's first claim for relief does not require further clarification, his second, third, and fourth claims are insufficiently specific to allow respondent to determine the specific nature of the claims and whether they have been exhausted in the state courts. These claims are so broad that they may encompass almost any aspect of trial counsel's representation. Furthermore, because Harvey did not raise exactly the same claims in his briefs to the Alaska Court of Appeals as he did in his petition for hearing to the Alaska Supreme Court, he incorporation by reference of these documents into his petition does not clarify the nature of his claims (assuming that incorporation by reference is permitted, which the respondent does not believe it is). Finally, because attorney McComas discussed numerous aspects of trial counsel's performance in his report, several of which were never litigated in the Alaska state courts, and because McComas later testified in the Alaska Superior Court and his testimony differed in several respects from his report, Harvey's attempt to incorporate this report by reference also does not clarify the nature of his claims.

In his statement of grounds for habeas relief, Harvey slightly narrowed his claims for relief. [Dkt. 27] He alleged only three grounds for relief:

3

(1) the supposed failure of trial counsel to understand and either exclude or effectively confront the DNA evidence introduced by the prosecution; (2) the supposed failure of trial counsel to adequately investigate and use investigation material in the preparation and presentation of the defense case; and (3) the supposed failure of counsel to litigate non-specific counts prior to and at trial. [Dkt. 27 at 3] Although Harvey's first claim does not require further clarification, Harvey's second and third claims remain insufficiently specific to allow respondent to determine the precise nature of the claims and whether they have been exhausted in the state courts.

Harvey's second claim involves both purported inadequacies in the pretrial investigation and purported inadequacies in the preparation and presentation of the defense case at trial, including allegations that trial counsel's cross-examination of unidentified witnesses was inadequate. However, Harvey made numerous claims involving these types of purported inadequacies in the Alaska courts, and he did not make all of his claims in all of the Alaska courts. Without further information as to the specific nature of the purported inadequacies and how and where they were raised in the Alaska courts, respondent cannot respond in any meaningful way to this compound claim.

Similarly, Harvey's third claim involves the purported failure of trial counsel to litigate supposedly non-specific counts, but the claim does not specify what counts should have been litigated before or during trial, what claims with

4

respect to those counts should have been litigated, and it does not provide any information as to how this claim was raised in the Alaska courts. Without this information, respondent cannot respond in any meaningful way to this claim.

This court therefore should again direct Harvey to clarify the nature of the claims he is seeking to raise in this habeas action and to file a document specifying those claims.

DATED March 12, 2007, at Anchorage, Alaska.

        TALIS J. COLBERG
        ATTORNEY GENERAL

        s/ Nancy R. Simel
         Assistant Attorney General
         State of Alaska, Dept. of Law
         Office of Special Prosecutions
          and Appeals
         310 K St., Suite 308
         Anchorage, Alaska 99501
         Telephone: (907) 269-6250
         Facsimile: (907) 269-6270
         e-mail: Nancy_Simel@law.state.ak.us
         Alaska Bar. No. 8506080

**Certificate of Service**

I certify that on March 12, 2007, a copy of the foregoing Renewed Motion to Require Counsel to Further Clarify the Grounds for Habeas Relief and Proposed Order was served electronically on Abigail E. Sheldon.

      s/ Nancy R. Simel

5