UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| PATRICK ROBERT HARVEY | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:05-cv-0083 |
| | ) | |
| vs. | ) | |
| | ) | **AMENDED STATEMENT OF GROUNDS** |
| MARC ANTRIM, | ) | **FOR *HABEAS* RELIEF** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW Patrick Harvey, by and through counsel, Abigail E. Sheldon, Attorney at Law, and files a Statement of Grounds for his petition:

Mr. Harvey was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The Sixth Amendment guarantees that the accused in a criminal case shall receive the effective assistance of counsel. Powell v. Alabama, 308 U.S. 444 (1940). This guarantee applies to state court prosecutions through the Fourteenth Amendment to the United States Constitution. Gideon v. Wainwright, 372 U.S. 335 (1963). An attorney is ineffective, for 6th Amendment purposes, when he performs "below an objective standard of reasonableness;" if that deficiency creates a "reasonable probability" that, but for his errors, the outcome of the trial would have been different, a new trial is required. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).1

Mr. Harvey raised the issue of ineffective assistance of counsel in a petition for post-

---

1 Accord Thompson v. Calderon, 120 F.3d 1045 (9th Cir.) (en banc), cert. denied, 118 S.Ct. 14 (1997); Johnson v. Baldwin, 114 F.3d 835 (9th Cir. 1997); Baylor v. Estelle, 94 F.3d 1321 (9th Cir. 1996); Sager v. Mass, 907 F.Supp 1412 (D. Or.), aff'd, 84 F.3d 1212 (9th Cir. 1996); Griffin v. McVicar, 84 F.3d 880 (7th Cir. 1996); U.S. v. Span, 75 F.3d 1383 (9th Cir. 1996); Byrd v. U.S., 614 A.2d 25 (D.C. Ct.App. 1992); Nichols v. Butler, 953 F.2d 1550 (11th Cir. 1992) (en banc); Harris v. Reed, 894 F.2d 871 (7th Cir. 1990); U.S. v. Swanson, 943 F.2d 1070 (9th Cir.

conviction relief, Case No. 3AN-00-02745 CI, in April of 1995 with an amended petition being filed in April of 1999. Superior Court Judge Eric T. Saunders denied Mr. Harvey's petition and Mr. Harvey then appealed this issue to the Alaska Court of Appeals in Case No. A07963. In his specific points on appeal, Mr. Harvey argued that the quality of his representation did not meet federal constitutional standards for effective assistance of counsel because counsel was remiss in at least the following ways:

Failure to Use Information Known to Defense Counsel When Examining Witnesses at Trial, Failure to Conduct an Adequate Investigation and Failure to Research and Understand DNA Evidence, Take Steps to Preclude the Admission of the Evidence, and Cross-Examine Effectively.

In his appeal, Mr. Harvey included an expert opinion from James McComas. This opinion has been previously provided to this court in its entirety in Mr. Harvey's Amended Petition for Writ of *Habeas Corpus*. Regarding the Federal Standard for ineffective assistance of counsel, McComas identified three deficiencies in Mr. Harvey's representation which, in his opinion, each independently create a "reasonable probability" that, but for those errors, the outcome of the trial would have been different," citing Strickland v. Washington, 466 U.S. 668 (1984). These three areas are:

Failure to Understand and Exclude, or Effectively to Confront, DNA Evidence; Failure to Adequately Investigate and to Incorporate Investigation in the Preparation and Presentation of the Defense; Failure to Litigate Non-Specific Counts Prior to and At Trial. (McComas Opinion pages 5 and 6).

The Alaska Court of Appeals denied relief on January 14, 2004. Mr. Harvey appealed this issue to the Alaska Supreme Court in Case No. S11374. The Alaska Supreme Court

---

1991).

denied hearing on May 19, 2004.

Mr. Harvey renews his contention that his Federal Constitutional Rights were violated when he received ineffective assistance of counsel here in his Petition for Writ of *Habeas Corpus*. His specific grounds are those already outlined by James McComas and by his appellate brief:

1) Failure of Trial Counsel to Understand and Exclude, or Effectively to Confront, DNA Evidence.

2) Failure of Trial Counsel to Adequately Investigate and to Incorporate Investigation in the Preparation and Presentation of the Defense.

3) Failure of Trial Counsel to Litigate Non-Specific Counts Prior to and At Trial.

Upon request from the State, Petitioner was ordered to elaborate upon the above-stated specific grounds two (2) and three (3).

With respect to Ground Two (2):

Defense counsel failed to use information known to defense counsel when examining witnesses at trial. A competent attorney would have elicited testimony from the witnesses who were called that the complainant said she was sexually active with males other than the defendant.

Defense Counsel also failed to investigate obvious leads regarding the motives and sexual activity of the complainant. A competent attorney would have interviewed and called girlfriends of the complainant, who would have reported complainant's activities with males and confirmed the complainant's sexual activity.

With respect to Ground Three (3):

Defense counsel failed to litigate the lack of specification of the sexual acts alleged in the charging document. A competent attorney would have requested a Bill of

Particulars. This issue was part of the first amended application for post-conviction relief, Case No.:3AN-00-2715 CI. This issue was not raised on appeal from the denial of that petition.

Discretionary review of the Alaska Court of Appeals decision affirming the denial of Mr. Harvey's application for post conviction relief was sought from the Alaska Supreme Court in Case No.: S11374 and review was denied.

DATED this _5th__ day of June, 2007, at Wasilla, Alaska.

s/Abigail E. Sheldon
P.O. Box 873133
Wasilla, AK, 99687
Phone: (907) 376-9562
Fax: (907) 376-9563
E-mail:abigailbeacham@hotmail.com
AK Bar # 9711058

Certification:

I certify that on June 6, 2007, I mailed
a copy of this document to:

Nancy R. Simel, Esq.
Assistant Attorney General
Office of Special Prosecutions & Appeals
310 K Street, Suite 308
Anchorage, AK 99501

s/Abigail E. Sheldon