**Nancy R. Simel**
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy.Simel@alaska.gov

Attorney for Respondent Marc Antrim

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| PATRICK ROBERT HARVEY,         )<br>                                )<br>     Petitioner,                )<br>                                )<br>vs.                             )<br>                                )<br>MARC ANTRIM,                    )<br>COMMISSIONER,                   )<br>DEP'T CORRECTIONS,              )<br>                                )<br>     Respondent.                )<br>_____ ) | Case No. 3:05-cv-0083<br><br>RESPONSE TO AMENDED<br>STATEMENT OF GROUNDS FOR<br>HABEAS RELIEF |

Respondent hereby files the following response to Harvey's amended statement of the grounds on which he seeks habeas relief. [Dkt. 39] Respondent takes the position that in the absence of further clarification of the factual basis for claims one and two, despite having had ample opportunity to do so, this court should dismiss those claims. This court should dismiss claim three, whatever its basis, on the ground that it is procedurally defaulted.

     A.     <u>Procedural Posture Of The Federal Habeas Litigation</u>

Harvey filed a petition for writ of habeas corpus and, after counsel was appointed to represent him, an amended habeas petition. [Dkt. 22] Counsel, at the court's request, subsequently filed a statement of grounds for habeas relief. [Dkt. 27]

Respondent then filed a motion asking that counsel for Harvey be required to further clarify the alleged grounds for relief. [Dkt. 31] This court granted respondent's motion and directed Harvey to further clarify his second and third claims for relief by February 26, 2007. [Dkt. 33] This court also simultaneously directed respondent to respond to Harvey's amended habeas petition. [Dkt. 34] Because Harvey did not file any pleading that further clarified the claims he seeks to litigate in this habeas action, respondent filed a renewed motion for further clarification of the claims. [Dkt. 36]

At a status conference held on March 14, 2007, this court granted respondent's request that his claims of ineffective assistance of counsel be further clarified and directed counsel to file a pleading that (1) specifically sets forth the factual basis of each claim, including claim number 1 (even though respondent did not specifically request that the claim be clarified) and (2) does not incorporate by reference arguments or claims made in the state court proceedings. [Dkt. 37]

On June 6, 2007, Harvey filed an amended statement of grounds for habeas relief. [Dkt. 39] In this document, despite this court's directive not to do so, Harvey again appears to incorporate by reference a report authored by attorney James McComas and the briefs that he filed in the Alaska Court of Appeals. [Dkt. 39 at 2-3] Harvey also did not clarify his first claim. He continues to characterize it simply as "[f]ailure of [t]rial [c]ounsel to [u]nderstand and [e]xclude, or [e]ffectively to [c]onfront DNA [e]vidence." [Dkt. 39 at 3] With respect to his second claim (which appears to include at least three separate claims) – that trial counsel did not adequately investigate his case or adequately prepare and present his case to the jury – Harvey now asserts (a) that his trial attorney should have elicited testimony from unidentified witnesses that the victim had admitted she was sexually active with unidentified other men, (b) that his trial attorney failed to investigate unidentified "obvious leads" about the supposed motives and supposed sexual activity of the victim, and (c) that his trial attorney should have interviewed and called as witnesses unidentified girlfriends of the victim who supposedly could have testified about the victim's sexual activity. [Dkt. 39 at 3] With respect to Harvey's third claim, Harvey asserts that his trial attorney should have requested a bill of particulars. [Dkt. 39 at 3]

B.   The Exhaustion Requirement And Procedural Default

A federal court cannot entertain a habeas petition filed by a person in state custody unless that person demonstrates that he has exhausted state remedies. 28 U.S.C. § 2254(b), (c). In order to satisfy the exhaustion requirement, the state prisoner must show that he has presented all his claims to the highest state court. *See, e.g., Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982). If a state provides for direct appeal to an intermediate appellate court and discretionary review with the state's highest court, the habeas petition must seek discretionary review with the state's highest court in order to satisfy the exhaustion requirement. *See, e.g., Jennison v. Goldsmith*, 940 F.2d 1308, 1310 (9th Cir. 1991); *Roberts v. Arave*, 847 F.2d 528, 529 (9th Cir. 1988).

In order to fairly present a claim to the state courts, a petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his claim. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971). It is not enough that the factual allegations that form the basis for the petitioner's habeas claim were brought to the attention of the state courts. *Id.* The petitioner must bring to the courts' attention the constitutional claim that is inherent in those facts. *Id.* at 277, 92 S.Ct. at 513.

If a prisoner has failed to pursue state court remedies, but his state court remedies have lapsed by the time he files his habeas petition, he technically has "exhausted" his state court remedies. But the federal court

4

nonetheless is barred from considering these unpursued claims in the habeas action, unless the defendant establishes both "cause and prejudice" for his state court procedural default. *See Teague v. Lane*, 489 U.S. 288, 297-98, 109 S.Ct. 1060, 1067-68, 103 L.Ed.2d 344 (1989).

    C.    <u>Harvey's First Claim Should Be Dismissed</u>

Harvey's first claim of ineffective assistance addresses his trial attorney's approach to the DNA evidence introduced by the state at Harvey's trial. Trial counsel's approach to the DNA evidence had several facets, including his decision to consult with national expert Barry Scheck, his decision not to call additional experts of his own, his decision to argue that the state's DNA evidence actually supported a not guilty verdict, and his decision not to file a motion to suppress the state's DNA evidence. Because Harvey still has not clarified what aspect of his trial attorney's approach to the DNA evidence he is claiming was inadequate, despite having had an opportunity to do so, his claim still is insufficiently specific to be litigated and should be dismissed.

Alternatively, regardless of which facets of this claim Harvey wishes to pursue, this claim should be dismissed as procedurally defaulted. Although Harvey made various contentions with respect to his trial attorney's approach to the DNA evidence in the Alaska Superior Court and the Alaska Court of Appeals, Harvey did not specifically raise any claim relating to his counsel's approach to the DNA evidence in the Alaska Supreme Court.[1] Since the exhaustion doctrine requires the petitioner to fairly present his claims to the highest court of the state, Harvey has failed to satisfy the exhaustion requirement. *See Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996). Because Harvey has not even asserted cause or prejudice from his failure to pursue the claim, this claim also is procedurally defaulted. *See Teague*, 489 U.S. at 297-98, 109 S.Ct. at 1067-68.

D.   Harvey's Second Claim Should Be Dismissed

As noted earlier, Harvey's second claim involves both purported inadequacies in the pretrial investigation and purported inadequacies in the preparation and presentation of the defense case at trial, including allegations that trial counsel's cross-examination of unidentified witnesses was inadequate. However, as stated, the claim is so broad that it may encompass almost any aspect of trial counsel's representation. Furthermore, because Harvey did not raise exactly the same claims in his briefs to the Alaska Court of Appeals as he

---

[1]   A copy of Harvey's petition for hearing is attached as exhibit A.

did in his petition for hearing to the Alaska Supreme Court, respondent has no basis for determining which claims Harvey seeks to litigate. Because Harvey still has not clarified the factual basis for this multi-faceted claim or asserted that he made this claim in all of the Alaska courts, respondent still is unable to respond to it in any meaningful way or determine whether this claim has been exhausted in the state courts.

Harvey has been given numerous opportunities to clarify this claim. Since Harvey did not or cannot clarify this compound claim, it cannot be litigated. This court therefore should dismiss it.

 E. <u>Harvey's Third Claim Should Be Dismissed As Procedurally Defaulted</u>

Harvey's third claim involves the purported failure of trial counsel to litigate supposedly non-specific counts, and although Harvey still has not specified what counts should have been litigated before or during trial or what claims with respect to those counts should have been litigated, Harvey has clarified that the claim is based on trial counsel not having filed a motion for a bill of particulars. [Dkt. 39 at 3] Harvey also has acknowledged that this claim was not raised in either the Alaska Court of Appeals or the Alaska Supreme Court. [Dkt. 39 at 4] Further clarification therefore is not necessary.

Because Harvey did not raise this claim in all of the Alaska state courts, he did not satisfy the exhaustion requirement. *See Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996). Because Harvey has not even asserted cause or

7

prejudice from his failure to pursue the claim, this claim also is procedurally defaulted and must be dismissed. *See Teague*, 489 U.S. at 297-98, 109 S.Ct. at 1067-68.

DATED July 26, 2007 , at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

s/ Nancy R. Simel
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
   and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   e-mail: Nancy.Simel@alaska.gov
   Alaska Bar. No. 8506080

**Certificate of Service**

I certify that on July 26, 2007, a copy of the foregoing **Response to amended Statement of Grounds for Habeas Corpus** was served electronically on **Abigail E. Sheldon**
               s/ **Nancy R. Simel**