IN THE SUPREME COURT OF THE STATE OF ALASKA

Patrick Harvey, )
)
    Petitioner. )
)
vs. )
)
STATE OF ALASKA, )
)
    Respondent. )
_____ ) Supreme Ct. No. S-11374

Court of Appeals No. A-07963
Trial Ct. No. 3AN-95-02745 CI

## PETITION FOR HEARING (AR 302)

Patrick Harvey petitions for review by this Court of the Court of Appeals erroneous decision affirming the denial of his application for post conviction relief under Criminal Rule 35.1. Harvey v. State, M.O.J. No. 4812 (Ak. App. January 14, 2004).[1] Review is necessary because the Court of Appeals decision is in direct conflict with its prior decision in State v. Jones, 759 P.2d 558 (Ak. App. 1988). AR 304(a). Discretionary review should also be granted because the Court of Appeals has established a standard of proof to be applied in post conviction relief proceedings that simply cannot be met, and thereby undermined the right to effective assistance of counsel in

---

[1]. A copy of the Court of Appeals opinion is attached.

1

DARRYL L. THOMPSON, P.C.
841 7" STREET
ANCHORAGE, ALASKA 99501
PHONE: 272-9322  FAX: 277-1373

a criminal proceeding. AR 304(b). To forestall creation of a body of law that diminishes the importance of the right to effective counsel this Court should exercise its supervisory authority over the other courts of the state to further the administration of justice. AR 304(d).

(1)     **Facts Relevant To Petition For Hearing.**

During trial on the original criminal charges, Harvey was represented by a public defender that was convinced of his guilt and that did very little to investigate the charges until the eve of trial. (Exc. 189, 191). Trial counsel claimed his failure to conduct an adequate pre-trial investigation was because the state had made an acceptable offer to settle the case, and that very little was done on the case because he was confident that he could convince Harvey to take the deal. (Exc. 187-188). However, no "deal" was on the table, and trial counsel knew that Harvey was consistently proclaiming his innocence. (Exc. 189, 204). Trial counsel only became convinced that his client was innocent, when he cross-examined the complaining witness at the time of trial. (Exc. 189, 191).

Trial counsel was obviously confused during pre-trial because he believed a deal was on the table when it was not, and he believed his client was guilty, and made

DARRYL L. THOMPSON, P.C.
841 "I" Street
Anchorage, Alaska 99501
Phone: 272-9322  Fax: 277-1373

tactical decisions based on that belief. (Exc. 187-189, 191, 204). This confusion stemmed from the fact that trial counsel was over stressed and probably suffering "burn out" during his representation of Harvey. (Exc. 179-182, 224, 226). In fact, trial counsel testified that he was trying cases back to back, working long hours, suffering from the effects of stress by experience symptoms such as insomnia, and by displaying a short temper and aggressive personality. (Exc. 195, 205). In fact, the State, through the Public Defender, suggested that he take a leave of absence. (Exc. 193).

In light of trial counsel's mistaken assumptions, the investigation did not begin with earnest until the eve of trial. (Exc. 225); (PCR Tr. 203-207).[2] The investigator's notes reflect that important witness interviews were being attempted with days of the trial. (PCR Tr. 203-207). Although the State's DNA evidence was likely inadmissible, trial cousel failed to investigate that evidence until the eve of trial, and he failed to file a suppression motion, not due to tactical choice, but due to his mistaken

DARRYL L. THOMPSON, P.C.
841 "I" STREET
ANCHORAGE, ALASKA 99501
PHONE: 272-9322  FAX: 277-1373

---

[2]. Transcripts of the original trial were referred to as "Tr." and transcripts of the Post Conviction Proceedings are referred to as "PCR Tr."

3

assumption that an acceptable deal was on the table and the case would settle. (Exc. 187-189, 191, 204); (Exc. 203, 263); (Exc. 196-197, 200-201).

Both the trial court and the Court of Appeals concluded that trial counsel's conduct did not fall below the acceptable range of conduct for a criminal attorney, in part, because Harvey failed to present testimony from trial counsel on each and every decision by trial counsel. (PCR Tr. 431-432). (Exc. 28); (Opinion, p. 10). In reaching its conclusion, the Court of Appeals relied on prior cases and held that a defendant's proof is inadequate unless the required affidavit from trial counsel addressed each and every allegation of incompetence. (Opinion, p. 8 citing Arnett v. State, 938 P.2d 1079, 1081 (Ak. App. 1997)).

The Court of Appeals has expanded the Jones[3] affidavit requirement so that not only is an affidavit now required, but the affidavit must address each and every decision made by trial counsel and it must explain why trial counsel made that decision.[4] (Opinion, pp. 8-10).

---

[3]. See State v. Jones, 759 P.2d 558, 570 (Ak. App. 1988) (establishing requirement that defendant seeking post conviction relief based on ineffective assistance must submit an affidavit from trial counsel).

[4]. The Court of Appeals appears to have began its
(continued...)

4

EXHIBIT A – 4

Both the trial court and the Court of Appeals ignore the expert evidence that demonstrated the harmful and prejudicial errors made by trial counsel. (Exc. 62-74); (Exc. 93-94). A well known and respected expert in the criminal law concluded that trial counsel was ineffective and that his failures were based on mistakes and ignorance rather than sound tactical choice. (Exc. 93). The expert concluded that trial counsel's failure to properly investigate and his mistakes abridged Harvey's constitutional right to confrontation, compulsory due process, due process and the right to effective assistance of counsel. (Exc. 105). Of significance is the following conclusion made by Harvey's criminal law expert:

> There was abundant, powerful evidence readily available to the defense to support his claims, but which the jury never heard. (Exc. 105).
>
> Here, the investigation did not begin in earnest until the eve of trial. In the rush,

---

[4](...continued)
assessment of trial counsel's conduct with the same assumption that trial counsel had – that Harvey was guilty and regardless of the effectiveness of the representation, Harvey would not have prevailed at trial. (Opinion, pp. 3-4; Id., fn. 1, Court of Appeals began with the assumption that the letter from Harvey was a "love letter" and "Harvey's interest in K.E. was sexual rather than paternal."). Operating on this assumption likely caused the Court of Appeals to view the evidence of ineffectiveness with a jaundiced eye.

DARRYLL THOMPSON, P.C.
841 "I" STREET
ANCHORAGE, ALASKA 99501
PHONE: 272-9322  FAX: 277-1373

readily available exculpatory evidence was overlooked by trial counsel and/or his investigator. A lack of adequate communication and preparation resulted in trial counsel's ignoring and/or forgetting substantial, available exculpatory evidence. Important facts uncovered by his investigator and disclosed by the state, just never made it into his comprehension of the case. In turn, that information never made it into his evidentiary presentation of the case. (Exc. 109).

Notwithstanding trial counsel's negligence in failing to conduct an adequate pretrial investigation, and notwithstanding the opinion of an expert, both the trial court and the Court of Appeals concluded trial counsel's conduct was reasonably effective under the circumstances. In doing so, both the trial court and the Court of Appeals misapplied the law.

(2). **Reasons Why Hearing Should Is Granted.**

In State v. Jones, the Court of Appeals established a requirement that a defendant seeking post conviction relief based on ineffective assistance of counsel must procure an affidavit from trial counsel explaining the conduct complained of in the petition. 759 P.2d at 570. In subsequent decisions, the Court of Appeals has expanded that requirement to the extent it now requires that a defendant not only seek an affidavit, but it must present an affidavit or testimony addressing every single incident

complained of so the trial court can determine if each decision was based on sound tactical choice or negligence. (Opinion, pp. 8-10, Id., p. 8, fn. 2 citing Arnett v. State, 938 P.2d 1079, 1081 (Ak. App. 1997); Steffensen v. State, 837 P.2d 1123, 1126 (Ak. App. 1992); Parker v. State, 779 P.2d 1245, 1248 (Ak. App. 1989). To the extent this body of law relied on by the Court of Appeals imposes this heightened burden of proof in a claim for ineffective assistance, it is unreasonable. These rules will create a flood of subsequent petitions for ineffective assistance where the defendant claims his post conviction attorney failed in his/her duty. Moreover, it is inconsistent with the federal court's application of the Strickland[5] standard and thus it undermines the right guaranteed by the Due Process Clause and the Sixth Amendment.

To succeed on a claim for ineffective assistance of counsel under Strickland, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

---

[5]. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

DARRYL L. THOMPSON, P.C.
841 "I" STREET
ANCHORAGE, ALASKA 99501
PHONE: 272-9322  FAX: 277-1373

<u>Chandler v. United States</u>, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (<u>quoting</u> <u>Darden v. Wainwright</u>, 477 U.S. 168, 106 S.Ct. 2464, 2473 (1986). While a failure to investigate does not necessarily equate to deficient performance, a Court faced with such a claim must seek to determine whether the failure to investigate was due to tactical choice, or neglect. <u>Strickland</u>, 104 S.Ct. at 2066. A decision not to investigate must be directly assessed for reasonableness in all of the circumstances. <u>Id</u>.

In the instant case, trial counsel did not perform an adequate pretrial investigation because he was under the mistaken belief that an acceptable offer to settle was on the table, when it was not. Trial counsel failed to perform an investigation because he was under stress, over worked, likely suffering burn out, and he had been told he should take a leave of absence. There is no evidence in this record that shows the decision to forgo a pretrial investigation was a tactical choice meeting the standard of reasonableness under <u>Strickland</u>. In fact, the expert in this case concluded otherwise. Where, as here, the failure to conduct an adequate pretrial investigation and file motions to suppress is based on mistaken beliefs and "burn out" the failure to investigate constitutes deficient

DARRYL L. THOMPSON, P.C.
841 "I" STREET
ANCHORAGE, ALASKA 99501
PHONE: 272-9322 FAX: 277-1373

performance. Kelley v. Singletary, 238 F.Supp.2d 1325, 1329 (S.D. Fla. 2002) citing Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2588-89 (1986).

Clearly, the Court of Appeals conclusion that Harvey failed to meet his burden because he failed to have trial counsel address each and every facet of the inadequate pretrial investigation is not consistent with Strickland and its progeny. Trial counsel's failure was based on a mistaken belief as to a deal that was not even on the table, and based on his being burnt out and suffering from stress and overwork. Trial counsel admitted that was true. To the extent the Court of Appeals has established a rule that each decision must be addressed in an affidavit or testimony by trial counsel, the Court of Appeal is wrong and this body of law must be corrected by this Court.

## CONCLUSION

Discretionary review should be granted because the Court of Appeals has established rules that are inconsistent with <u>Strickland</u> and its progeny and which undermine the Constitutional guarantee of effective assistance of counsel in criminal proceedings. The exercise of the discretionary power of review is necessary in this case to forestall creation of an erroneous body of law that diminishes the importance of the right to effective counsel, and that is inconsistent with decisions from the Supreme Court of the United States.

DATED this 1st day of March 2004.

DARRYL L. THOMPSON, P.C.
841 I Street
Anchorage, Alaska 99501
(907) 272-9322

By: _____
Darryl Thompson
ABA No. 8706055

DARRYL L. THOMPSON, P.C.
841 "I" Street
Anchorage, Alaska 99501
Phone: 272-9322  Fax: 277-1373