UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICK ROBERT HARVEY ) | |
| ) | |
| Petitioner, ) | Case No. 3:05-cv-0083 |
| ) | |
| vs. ) | |
| ) | OPPOSITION TO RESPONDENT |
| ) | MOTION TO DISMISS |
| MARC ANTRIM, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

COMES NOW Patrick Harvey, by and through counsel, Abigail E. Sheldon, Attorney at Law, and replies to the Respondent Motion to Dismiss filed July 26, 2007.

Mr. Harvey raised three claims in his Amended Statement of Grounds for Habeas Relief filed June 6, 2007. It is Petitioner's recollection that although the Court ordered Petitioner to clarify grounds two (2) and three (3) for Habeas Relief, clarification of ground one (1) was unnecessary and thus Petitioner did not clarify ground one (1) in the June 6, 2007 pleading. If this is incorrect, this failure is through no fault of Mr. Harvey, but simply a product of his attorney's own flawed memory. Respondent counsel evidently agrees that counsel did not request further clarification of ground one (1) at the status conference of March 14, 2007, however counsel now states this claim is insufficiently specific to be litigated. Petitioner will correct that now.

Trial counsel specifically failed to understand and exclude, or effectively to confront DNA evidence by literally failing to move to suppress the DNA evidence before trial and doing insufficient investigation of the DNA evidence which hampered trial counsel's ability to effectively confront and cross-examine the evidence at trial. This point was presented to the

Alaska Supreme Court in Mr. Harvey's Petition for Hearing: "Although the State's DNA evidence was likely inadmissible, trial counsel failed to investigate that evidence until the eve of trial, and he failed to file a suppression motion, not due to tactical choice, but due to his mistaken assumption that an acceptable deal was on the table and the case would settle." (citations omitted.)[1]  This argument was presented in support of the overall case for ineffective assistance of counsel.

With respect to the second and third grounds, Petitioner elaborated and clarified the second claim. Petitioner is not adding additional claims. Respondent indicated that "Failure of Trial Counsel to Adequately Investigate and to Incorporate Investigation in the Preparation and Presentation of the Defense" was too vague. Petitioner elaborated in the June 6, 2007 filing by clarifying specifically how trial counsel failed: specifically, trial counsel failed to elicit testimony from witnesses that the victim had admitted she was sexually active with other men. Then, trial counsel failed to investigate obvious leads about the motives and sexual activity of the victim and lastly trial counsel failed to interview or call as witnesses girlfriends of the victim who could have testified about the victim's sexual activity.

Petitioner disagrees that Harvey did not raise exactly the same claims in his briefs to the Alaska Court of Appeals as he did in his petition for hearing to the Alaska Supreme Court. In Mr. Harvey's brief to the Alaska Court of Appeals, Harvey raised the specific points presented in the amended statement of grounds filed June 6th, 2007, nearly to the letter. Mr. Harvey's petition for hearing raised the broad claim that Harvey suffered from ineffective assistance of counsel and that the Court of Appeals erroneously denied his application for post-conviction relief. Mr. Harvey was not raising a new claim, separate from the claims raised to the Court of Appeals. Mr. Harvey was raising the same issues to both courts, but he was more specific in his brief to the Alaska Court of Appeals.

---

[1] Respondent's exhibit A-3

Petitioner's final claim is that trial counsel failed to litigate the lack of specification of the sexual acts alleged in the charging document. Petitioner elaborated by explaining that a competent attorney would have requested a Bill of Particulars in this case. It is true this exact claim was not presented to the Court of Appeals, but Petitioner argues that it was presented to the Alaska Supreme Court in the petition for hearing as Mr. Harvey was appealing the Appellate Court's decision to deny his application for post-conviction relief and this issue was raised in his first amended application for post-conviction relief.

Petitioner, through counsel, opposes the Respondent's motion to dismiss because Petitioner has provided an adequately detailed statement of grounds for relief and specified how State remedies were exhausted, largely quoting the exact language presented on appeal. It appears to counsel that Respondent is, in effect, asking for briefing at this time. It is counsel's understanding that at this point in the proceedings, Petitioner is to present grounds for relief and to establish exhaustion of remedies in State court, with full briefing to come at a later point. If this is incorrect, Petitioner would request additional guidance from the court as it is unclear to counsel what additional clarification is appropriate absent fully briefing the argument and it would be unfair to Mr. Harvey to dismiss his petition simply because his counsel, in her inexperience, is mistaken about the procedural posture of his petition.

Finally, Petitioner did not intend to incorporate by reference the entirety of James McComas's arguments in his expert opinion. Instead, counsel cited the source of Petitioner's grounds which include the appeals filed in this case and the expert opinion of James McComas. Petitioner does not ask the Respondent or the Court to rely on Mr. McComas's report in making a decision.

For all of these reasons, Petitioner opposes Respondent's Motion to Dismiss.

DATED this _8th__ day of October, 2007, at Wasilla, Alaska.

s/Abigail E. Sheldon
P.O. Box 873133
Wasilla, AK, 99687
Phone: (907) 376-9562
Fax: (907) 376-9563
E-mail:abigailbeacham@hotmail.com
AK Bar # 9711058

Certification:

I certify that on October 9th, 2007, I mailed a copy of this document to:

Nancy R. Simel, Esq.
Assistant Attorney General
Office of Special Prosecutions & Appeals
310 K Street, Suite 308
Anchorage, AK 99501

s/Abigail E. Sheldon