Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: nancy.simel@alaska.gov

Attorney for Respondent Marc Antrim

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Patrick Robert Harvey, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:05-cv-0083 |
| ) | |
| Marc Antrim, ) | REPLY TO OPPOSITION TO |
| Commissioner, Dep't Corrections, **)** | MOTION TO DISMISS AMENDED |
| ) | PETITION FOR HABEAS RELIEF |
| Respondent. ) | |
| ) | |

Respondent files the following reply to Harvey's Opposition To Respondent Motion To Dismiss. [Dkt. 48] In light of the absence of sufficient further clarification from Harvey of the factual basis for claims one and two – despite Harvey having had ample opportunity to do so – this court should dismiss those claims. In addition, this court should dismiss those claims as

procedurally defaulted. This court should dismiss claim three, whatever its basis, on the ground that it is procedurally defaulted.

    A.    <u>Harvey's Opposition To Respondent's Motion To Dismiss</u>

On July 26, 2007, respondent filed a pleading entitled "Response To Amended Statement Of Grounds For Relief." [Dkt. 44] Because respondent asked the court to dismiss Harvey's claims for relief in this pleading, the court treated the pleading as a motion to dismiss. [Dkt. 46] Harvey recently filed an opposition to respondent's motion to dismiss. [Dkt. 48]

Harvey now asserts with respect to his first claim for relief that he is clarifying it by alleging, "Trial counsel specifically failed to understand and exclude, or effectively to confront DNA evidence by literally failing to move to suppress the DNA evidence which hampered trial counsel's ability to effectively confront and cross-examine the evidence at trial." [Dkt. 48 at 1] According to Harvey, he presented this point in his petition for hearing to the Alaska Supreme Court. [Dkt. 48 at 1-2]

With respect to Harvey's second claim for relief, Harvey asserts that it is unnecessary to further clarify this claim – that "trial counsel failed to elicit testimony from witnesses that the victim had admitted she was sexually active with other men. Then, trial counsel failed to investigate obvious leads about the motives and sexual activity of the victim and lastly trial counsel failed to interview or call as witnesses girlfriends of the victim who could have testified

about the victim's sexual activity." [Dkt. 48 at 2]  Harvey also asserts that he raised exactly the same claim in his brief to the Alaska Court of Appeals as he did in his petition for hearing to the Alaska Supreme Court, even though in the Alaska Supreme Court the claim was characterized only as a broad claim of ineffective assistance of counsel.  [Dkt. 48 at 2]

With respect to his third claim for relief – "trial counsel failed to litigate the lack of specification of the sexual acts alleged in the charging document" by failing to request a bill of particulars –  Harvey asserts that even though he did not present this claim to the Alaska Court of Appeals, he presented it in his petition for hearing to the Alaska Supreme Court because the claim was raised in the Alaska Superior Court.  [Dkt. 48 at 3]

    B. <u>Harvey's First Claim Should Be Dismissed</u>

Harvey's claim that his trial counsel was ineffective for not filing a motion to suppress the state's DNA evidence and for not sufficiently investigating the DNA evidence prior to trial should be dismissed as procedurally defaulted.  Although Harvey made various contentions with respect to his trial attorney's approach to the DNA evidence in the Alaska Superior Court and the Alaska Court of Appeals, Harvey did not specifically raise any claim relating to his counsel's approach to the DNA evidence in the Alaska Supreme Court.  [Dkt. 44-2]  Harvey did mention counsel's approach in the statement of relevant facts in his petition for hearing.  [Dkt. 44-2 at 3-4]  But

Harvey did not specifically raise this claim in the argument portion of his petition. [Dkt. 44-2 at 6-9] Instead, Harvey argued to the Alaska Supreme Court only that (a) in order to plead a *prima facie* case of ineffective assistance of counsel the affidavit provided by former counsel need not specifically address each and every allegation made by the applicant for post-conviction relief, and (b) trial counsel generally conducted an inadequate pretrial investigation because she mistakenly thought an acceptable plea agreement was on the table and because she was stressed out and overworked. [Dkt. 44-2 at 6-9] These generalized claims are insufficiently specific to apprise the Alaska Supreme Court that Harvey was attempting claim that his trial counsel was ineffective for not filing a motion to suppress the DNA evidence and for not more thoroughly investigating the DNA evidence presented by the state.

A claim is not "fairly presented" to the state's highest court unless the petitioner has described both the operative facts and the specific legal theories in sufficient detail to allow the state court a "fair opportunity" to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). It is not enough to present the state court with only the facts necessary to state a claim for relief, nor is it enough to make a general appeal to a broad constitutional guarantee, such as due process or the right to a fair trial. *Gray v.*

*Netherland*, 518 U.S. 152, 163, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996).

Since the exhaustion doctrine requires the petitioner to fairly present his claims to the highest court of the state and Harvey did not do so, Harvey has failed to satisfy the exhaustion requirement. *See Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996). At this time, it appears that Harvey has no remaining way to pursue this claim in the Alaska Courts. Because Harvey has not even asserted cause or prejudice from his failure to pursue the claim, this claim is procedurally defaulted. *See Teague v. Lane*, 489 U.S. 288, 297-98, 109 S.Ct. 1060, 1067-68, 103L.Ed.2d 344 (1989). Moreover, for the reasons discussed in respondent's prior pleadings, this claim is still insufficiently specific to allow respondent to file a meaningful response and also may be dismissed on this basis.

C. <u>Harvey's Second Claim Should Be Dismissed</u>

Harvey has declined to further clarify the factual basis of his second claims. He maintains that as characterized in his pleading of June 6, 2007, his claim is sufficiently specific. [Dkt. 48 at 2] Harvey characterized this claim as based on trial counsel's failure "to elicit testimony from witnesses that the victim had admitted she was sexually active with other men," trial counsel's failure "to investigate obvious leads about the motives and sexual activity of the victim," and trial counsel's failure "to interview or call as witnesses girlfriends of the

victim who could have testified about the victim's sexual activity." [Dkt. 48 at 2]

Harvey's second claim is still insufficiently specific. It involves both purported inadequacies in the pretrial investigation and purported inadequacies in the preparation and presentation of the defense case at trial, including allegations that trial counsel's cross-examination of witnesses was inadequate. Notably, the claim does not identify which additional witnesses should have been called, what additional testimony should have been elicited, and which supposedly obvious leads should have been investigated and what would have been learned from such investigation. Because Harvey still has not clarified the factual basis for this multifaceted claim, the claim remains so broad that it may encompass almost any aspect of trial counsel's representation. For this reason alone, Harvey's second claim cannot be litigated and should be dismissed.

Harvey also asserts that he raised exactly the same claims in his briefs to the Alaska Court of Appeals as he did in his petition for hearing to the Alaska Supreme Court. [Dkt. 48 at 2] Harvey asserts that the broad claim he asserted in his petition for hearing that he "suffered from ineffective assistance of counsel and that the Court of Appeals erroneously denied his application for post-conviction relief" encompasses all of the specific claims he raised in is briefing to the Alaska Court of Appeals. [Dkt. 48 at 2] Harvey is mistaken. First, as noted in the discussion about Harvey's first claim, Harvey overlooks

that his petition for hearing raised only two claims: (1) the specificity required in an attorney's affidavit in support of a claim of ineffective assistance of counsel, and (2) the supposed inadequacy of trial counsel's pretrial investigation because trial counsel supposedly mistakenly thought a viable plea agreement was on the table and because trial counsel supposedly was stressed and overworked. Neither of these claims mentions anything about witnesses who supposedly could have testified about the victim's purported sexual relationships with other men.  Second, Harvey should not after-the-fact be permitted to determine what specific claims were encompassed in his broad and vague assertion of ineffective assistance and inadequate pretrial investigation.  Such a rule would entirely eviscerate the exhaustion requirement.  *See Anderson*, 459 U.S. at 6, 103 S.Ct. at 277; *Picard,* 404 U.S. at 275, 92  S.Ct. at 512.  In short, because Harvey did not raise any of the allegations that might be encompassed in his second claim in the Alaska Supreme Court, he did not exhaust his state remedies and it appears that he has no remaining means to pursue the claim in the Alaska State Courts.  This court therefore should dismiss Harvey's second claim because it was procedurally defaulted.

    D.    <u>Harvey's Third Claim Should Be Dismissed</u>

Harvey's third claim involves the purported failure of trial counsel to litigate supposedly non-specific counts.  Although Harvey still has not specified what counts should have been litigated before or during trial, what claims with

7

respect to those counts should have been litigated, Harvey has clarified that the claim is based on trial counsel not having filed a motion for a bill of particulars. [Dkt. 39 at 3; Dkt. 48 at 3] Assuming solely for the purpose of argument that this claim has been sufficiently clarified to litigate, it should be dismissed as procedurally defaulted. Harvey initially acknowledged that this claim was not raised in either the Alaska Court of Appeals or the Alaska Supreme Court. [Dkt. 39 at 4] In his opposition, however, although he continues to acknowledge that he never presented this claim to the Alaska Court of Appeals, he contends that he presented this claim to the Alaska Supreme Court in his petition for hearing because he "was appealing the Appellate court's decision to deny his application for post-conviction relief and this issue was raised in his first amended application for post-conviction relief." [Dkt. 48 at 3]

Harvey's argument should be rejected as frivolous. The Alaska Court of Appeals did not even consider the issue because it was not presented with it. In addition, nowhere in his petition for hearing does Harvey even mention or suggest that his trial attorney should have requested a bill of particulars. To accord Harvey's argument any merit would eviscerate the exhaustion requirement. Because Harvey did not raise this claim in either the Alaska Court of Appeals or the Alaska Supreme Court, he did not satisfy the exhaustion requirement. *See Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996). At this time, it appears that Harvey has no remaining way to pursue this

claim in the Alaska Courts.  Because Harvey has not asserted cause or prejudice from his failure to pursue the claim, this claim also is procedurally defaulted and must be dismissed.  *See Teague*, 489 U.S. at 297-98, 109 S.Ct. at 1067-68.

DATED October 24, 2007 , at Anchorage, Alaska.

> TALIS J. COLBERG
> ATTORNEY GENERAL
>
> s/ Nancy R. Simel
>     Assistant Attorney General
>     State of Alaska, Dept. of Law
>     Office of Special Prosecutions
>         and Appeals
>     310 K St., Suite 308
>     Anchorage, Alaska 99501
>     Telephone: (907) 269-6250
>     Facsimile: (907) 269-6270
>     e-mail: nancy.simel@alaska.gov
>     Alaska Bar. No. 8506080

**Certificate of Service**

I certify that on October 24, 2007, a copy of the foregoing **Reply to opposition to motion to dismiss amended petition for habeas relief** was served electronically on **Abigail Sheldon**

s/ **Nancy R. Simel**