**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| PATRICK ROBERT HARVEY,<br><br>             Petitioner,<br>vs.<br><br>MARC ANTRIM,<br>COMMISSIONER,<br>DEP'T OF CORRECTIONS,<br><br>             Respondent. | 3:05-cv-00083-TMB-JDR<br><br>**RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No. 44) |

The court has now before it a motion to dismiss by the respondent. (Docket No. 44). The motion finds its genesis in a previous motion by the respondent seeking a more definite statement of the petitioner's (Patrick Robert Harvey) grounds for relief (amended petition at docket No. 22-1) in this 28 U.S.C. 2254 action. (Docket No. 31). At docket No. 33 the court granted that motion and ordered Mr. Harvey to file a more definite statement. Harvey filed an amended statement of grounds to his amended petition. (Docket No 39). In response, the respondent urges that Harvey has failed to comply with the court's order and his petition should therefore be denied. (Docket No. 44). The court deemed this a motion to dismiss and directed that response and reply briefs be filed. (Docket No. 47). Harvey responded with an opposition at

1

docket No. 48.[1] The respondent replied at docket No. 51. Oral argument has not been requested and is not deemed necessary. For the reasons that follow it shall be recommended that the respondent's motion to dismiss be granted in part and denied in part.

## DISCUSSION

As articulated in his amended statement of grounds for relief (Docket No. 39), Harvey's petition claims he was denied ineffective assistance of counsel, and it alleges three grounds for relief:

(1)(a) the failure of trial counsel to suppress or exclude DNA evidence; (b) the failure of trial counsel to investigate DNA evidence; and (c) ineffective cross examination of DNA evidence at trial.

(2) the failure to elicit testimony that the victim had admitted she was sexually active with other men, and counsel should have called as witnesses girlfriends of the victim to testify about the victim's sexual activity.

(3) the failure of trial counsel to request a bill of particulars seeking more specification of the sexual acts alleged in the charging document.

Harvey's amended statement of grounds for relief does not expand on the first (DNA) ground for relief. Harvey's amended statement of grounds for relief expands on grounds two and three as discussed below.

With respect to ground two, his allegation is that his trial counsel failed to use information known to witnesses and elicit testimony to the effect that the victim was sexually active with other men. He further contends that his defense counsel failed to investigate obvious leads regarding the victim's motives and sexual activity.

---

[1] Mr. Harvey's counsel has failed to include in the upper left corner of her briefs requisite information concerning her representation pursuant to D.Ak.LR 10.1(e). In the future, counsel for Mr. Harvey shall comply with D.Ak.LR 10.1(e) in this case and all other cases she has before this court.

Specifically, he contends, a competent attorney "would have interviewed and called girlfriends of the complainant, who would have reported complainant's activities with males and confirmed the complainant's sexual activity."

With respect to ground three, Harvey contends defense counsel "failed to litigate the lack of specification of the sexual acts alleged in the charging document. A competent attorney would have requested a Bill of Particulars. This issue was part of the first amended application for post-conviction relief, Case No.:3AN-00-2715 CI. This issue was not raised on appeal from the denial of that petition." Additionally, he contends: "Discretionary review of the Alaska Court of Appeals decision affirming the denial of Mr. Harvey's application for post conviction relief was sought from the Alaska Supreme Court in Case No.: S11374 and review was denied."

The respondent urges that with respect to claims one and two Harvey has failed to comply with this court's order that he clarify his grounds for relief. Therefore, the respondent contends he cannot respond to them and they should be dismissed. The respondent also contends that Harvey's third claims should be dismissed as procedurally defaulted.

As to Harvey's first claim, the respondent's argument raises the issue of whether this claim was fairly presented to the Alaska Supreme Court. Under § 2254 a claim is exhausted if it is fairly presented to each appropriate state court (including a state supreme court with powers of discretionary review). *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365-366 (9th Cir. 2005). For a claim to be fairly presented "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation. *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005). Here, the respondent submits that Harvey's petition to the Alaska Supreme Court (Docket No. 44-2) argued two generalized claims: "(a) in order to plead

a *prima facie* case of ineffective assistance of counsel the affidavit provided by former counsel need not specifically address each and every allegation made by the applicant for post-conviction relief, and (b) trial counsel generally conducted an inadequate pretrial investigation because she mistakenly thought an acceptable plea agreement was on the table and because she was stressed and overworked." The court notes that the petition also stated that trial counsel was so stressed that he was likely suffering "burn out" and had been told he should take a leave of absence due to such symptoms as insomnia and displays of a short temper and aggressive personality. Regardless, respondent now argues that these generalized claims are insufficiently specific to apprise the Alaska Supreme Court that Harvey was claiming his trial counsel was ineffective for not filing a motion to suppress the DNA evidence and for not more thoroughly investigating the DNA evidence presented by the state.

Harvey's only response is that in his petition for hearing to the Alaska Supreme Court he stated: "Although the State's DNA evidence was likely inadmissible, trial counsel failed to investigate that evidence until the eve of trial, and he failed to file a suppression motion, not due to tactical choice, but due to his mistaken assumption that an acceptable deal was on the table and the case would settle." This argument, he contends, was presented in support of his overall case for ineffective assistance of counsel. The respondent's arguments are just as broad. He argues that Harvey only submitted the facts necessary to state a claim and otherwise submitted insufficiently broad legal theories. *See Gray v. Netherland,* 518 U.S. 152, 163 (1996) (It is not enough to make a general appeal to a constitutional guarantee as broad as due process). But Harvey's petition to the Alaska Supreme Court tied his facts necessary to state a claim into the very specific federal claim under the Sixth Amendment for ineffective assistance of counsel by citing to the seminal decision of *Strickland v. Washington,* 466 U.S. 668 (1984). Thus, he satisfied § 2254's exhaustion requirement by fair presentation of his

first (DNA) claim before the Alaska Supreme Court, and the respondent's motion to dismiss this claim should be denied.

Regarding the second claim, the respondent submits that Harvey's elaboration/clarification of his claim was too vague. That claim was trial counsel failed to adequately investigate and incorporate investigation into preparation and presentation of the defense. Harvey clarified the claim as being based on trial counsel's failure "to elicit testimony from witnesses that the victim had admitted she was sexually active with other men," and trial counsel's failure "to investigate obvious leads about the motives and sexual activity of the victim." Additional clarification was that trial counsel failed "to interview or call as witnesses girlfriends of the victim who could have testified about the victims sexual activity."

The respondent urges that this clarification is insufficient to avoid dismissal. He notes that "the claim does not identify which additional witnesses should have been called, what additional testimony should have been elicited, and which supposedly obvious leads should have been investigated and what would have been learned from such investigation." This, the respondent argues, does not clarify the factual basis for this multifaceted claim, and the claim remains so broad that it could encompass almost any aspect of trial counsel's representation, such that it cannot be litigated. Harvey counters that his clarification is sufficient. The court agrees with Harvey. The factual bases of his claims are not so broad that they "could encompass almost any aspect of trial counsel's representation." True, at first blush, the claim appears quite thin. But it is through the process of litigation that the claim will be further flushed out. Thus, the motion to dismiss should not be granted as to the second claim on the grounds that it is to vague to litigate.

This, however, does not end the analysis as to the second claim. The respondent also urges that the court should dismiss it on the grounds that it is

procedurally defaulted. The respondent sums up his position: "In short, because Harvey did not raise any of the allegations that might be encompassed in his second claim in the Alaska Supreme Court, he did not exhaust his state remedies and it appears that he has no remaining means to pursue the claim in the Alaska State Courts." Harvey counters that contrary to the respondent's view, he raised exactly the same issues before the Alaska Supreme Court as he raised before the Alaska Court of Appeals. The issue is whether the claim was fairly presented to the Alaska Courts, thereby satisfying the exhaustion requirement of § 2254. Like the analysis regarding the DNA claim discussed *supra*, this claim survives the procedural default challenge. True, the factual bases for the claim were about as broad as could have been articulated to the Alaska Supreme Court. But the bottom line is the same. Harvey made a claim based on ineffective assistance of counsel which included broad allegations of a failure to properly investigate his case, and he made the essential hook-up between that claim and the United States Constitution by tying it in with the Sixth Amendment and citation to the ineffective assistance of counsel benchmark case of *Strickland v. Washington,* 466 U.S. 668 (1984). Therefore, his claim was fairly, albeit barely, presented to the Alaska Supreme Court and should not be dismissed as being procedurally defaulted.

Harvey's third claim is that his trial counsel failed to litigate the lack of specification of the sexual acts alleged in the charging documents. The respondent submits several grounds in support of his argument that his third claim should be dismissed. First, is Harvey's continued failure to specify what specific counts were not properly litigated as being too non-specific. Harvey responds that this is a question of briefing, not of stating a claim. The court is not convinced. Here, the respondent is correct that at the very least the specific charged counts in question should be stated. More important is the respondent's argument that this claim was not presented to the Alaska Court of Appeals and Alaska Supreme Court. Harvey summarily responds that

his statement of grounds here is the same as it was in the state courts of review. But a review of his petition to the Alaska Supreme Court makes it manifestly clear that the claim was never presented to it. Indeed, it is not surprising that Harvey does not cite to where such a claim was made to the Alaska courts of review. Finally, the broader claims of ineffective assistance of counsel that he did present to those courts cannot now serve as a bootstrap rescue of this claim. *Gray,* 518 U.S. at 163. Therefore, the respondent's motion to dismiss should be granted as to Harvey's third claim on the ground that it was procedurally defaulted.

## CONCLUSION

For the foregoing reasons it is hereby recommended that the respondent's motion to dismiss Harvey's petition for writ of *habeas corpus* (Docket No. 44) be **granted in part and denied in part**. The motion should be granted as to Harvey's third claim. The motion should be denied as to Harvey's first and second claims.

DATED this 28th day of November, 2007, at Anchorage, Alaska.

    /s/ JOHN D. ROBERTS
    JOHN D. ROBERTS
    United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the

Clerk of Court no later than **the close of business on December 13, 2007**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on December 20, 2007**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).