Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy_Simel@law.state.ak.us

Attorney for Respondent Marc Antrim

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

| | |
|---|---|
| Patrick Robert Harvey, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Marc Antrim, )<br>Commissioner, Dep't Corrections, )<br>)<br>Respondent. )<br>_____ ) | Case No. 3:05-cv-0083<br><br>OBJECTIONS TO INITIAL<br>RECOMMENDATION REGARDING<br>RESPONDENT'S MOTION TO<br>DISMISS |

The magistrate-judge filed a recommendation that the court grant in part and deny in part respondent's motion to dismiss Harvey's habeas petition.  [Dkt. 52]  More specifically, the magistrate-judge has recommended that this court allow Harvey's first and second claims to be litigated and that this court dismiss third claim because it has been procedurally defaulted.  [Dkt. 52 at 2-7]  Respondent objects to the recommendations that Harvey's first and second claims were sufficiently exhausted and can be litigated on habeas review.

Harvey's first claim is that his trial counsel was ineffective for: (1)

not filing a motion to suppress the state's DNA evidence, (2)not sufficiently investigating the DNA evidence prior to trial, and (3) not adequately cross-examining the state's experts. [Dkt. 48 at 1] The magistrate-judge found that Harvey fairly presented this claim in the Alaska Supreme Court, noting that Harvey mentioned trial counsel's approach to the DNA evidence in his petition for hearing to the Alaska Supreme Court and that later in his petition Harvey cited *Strickland v. Washington*, 466 U.S. 668 (1984), the seminal case on ineffective assistance of counsel. [Dkt. 52 at 4-5]

The magistrate-judge overlooked the significant fact that in his petition for hearing Harvey mentioned counsel's approach to the DNA evidence only in the statement of relevant facts; he never mentioned this complaint in the argument portion of his petition. [Dkt. 44-2 at 3-4, 6-9] Instead, in the argument portion, Harvey asserted only that (a) in order to plead a *prima facie* case of ineffective assistance of counsel the affidavit provided by former counsel need not specifically address each and every allegation made by the applicant for post-conviction relief, and (b) trial counsel conducted an inadequate pretrial investigation because she mistakenly thought an acceptable plea agreement was on the table and because she was stressed out and overworked. [Dkt. 44-2 at 6-9] Harvey's citation of *Strickland* was tied to these two specific contentions (that the affidavit provided by former counsel does not need to be specific and that counsel's pretrial investigation was generally inadequate). [Dkt. 44-2 at 7-9] In

this context, Harvey's citation of *Strickland* did not apprise the Alaska Supreme Court that Harvey was also attempting claim that his trial counsel was ineffective (1) for not filing a motion to suppress the DNA evidence, (2) for not more thoroughly investigating the DNA evidence presented by the state, and (3) for not conducting additional or different cross-examination of the state's experts on DNA.  The Ninth Circuit has said, in a case where the petitioner's sole citation of federal authority was for a different purpose, "Briefing a case is not like writing a poem where the message may be conveyed entirely through allusion and connotations.  Poets may use ambiguity but lawyers use clarity." *Galvan v. Alaska Dept. of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005).  This court therefore should conclude that Harvey did not fairly present his first claim to the Alaska Supreme Court and that it is procedurally defaulted.

Harvey's second claim is that trial counsel (1) failed to elicit testimony from witnesses that the victim had admitted she was sexually active with other men, (2) failed to investigate obvious leads about the motives and sexual activity of the victim, and (3) failed to interview or call as witnesses girlfriends of the victim who could have testified about the victim's sexual activity. [Dkt. 48 at 2]  With respect to respondent's contention that this claim is too broad and vague to litigate, the magistrate-judge concluded that although "the claim appears quite thin," it can be "further flushed out" through the process of litigation. [Dkt. 52 at 5]  But habeas litigation on the merits of a claim

is not intended to be a vehicle for refining a claim.  As the court said in *Bernier v. Moore*, 441 F.3d 395, 396 (1st Cir. 1971) (*per curiam*), "[h]abeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them." Such an approach to habeas litigation places the respondent in the awkward position of either not being able to respond or of suggesting claims and rebutting them, even though the burden of proof in a habeas action is on the petitioner. Harvey's approach to habeas litigation entirely eviscerates the exhaustion requirement.  Given the breadth of Harvey's current claim, if the magistrate-judge's initial recommendation were to stand, then Harvey could now elect to litigate a specific claim that he never litigated in the Alaska state courts.

The magistrate-judge also concluded that it was "barely" sufficient that "Harvey made a claim based on ineffective assistance of counsel which included broad allegations of a failure to properly investigate his case." [Dkt. 52 at 6]  This conclusion is in error.  What Harvey did is not barely sufficient; it is insufficient.  Nowhere in the argument portion of Harvey's petition for hearing to the Alaska Supreme Court does he mention anything about witnesses who supposedly could have testified about the victim's purported sexual relationships with other men, let alone identify which witnesses could supposedly have provided such testimony.  Without this information, Harvey did not give the Alaska Supreme Court a fair opportunity to apply the legal principles controlling a claim of ineffective assistance of counsel to the relevant facts – *i.e.*, to whether

specific witnesses should have been further investigated and their testimony presented. A claim is not "fairly presented" to the state's highest court unless the petitioner has described both the operative facts and the specific legal theories in sufficient detail to allow the state court a "fair opportunity" to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Anderson*, 459 U.S. at 6; *Picard*, 404 U.S. at 275. To satisfy the exhaustion requirement, it is not enough that a petitioner presented a similar claim, or even a claim that is "essentially the same" in the state courts. *See Johnson v. Xenon*, 88 F.3d 828, (9th Cir. 1996) (repudiating the "essentially the same language" analysis); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (mere similarity of claims is insufficient); *Fields v. Waddington*, 401 F.3d 1018, 1022-23 (9th Cir. 2005) (same). This court should therefore conclude that Harvey's federal habeas claim was procedurally defaulted and should be dismissed.

DATED December 13, 2007 , at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL
s/ Nancy R. Simel
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   e-mail: Nancy_Simel@law.state.ak.us
    Alaska Bar. No. 8506080

## Certificate of Service

I certify that on December 13, 2007, a copy of the foregoing Objections to Initial Recommendation Regarding Respondent's Motion to Dismiss was served electronically on **Abigail E. Sheldon**

<u>s/ **Nancy R. Simel**</u>