**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| PATRICK ROBERT HARVEY,<br><br>           Petitioner,<br>vs.<br><br>MARC ANTRIM,<br>COMMISSIONER,<br>DEP'T OF CORRECTIONS,<br><br>           Respondent. | 3:05-cv-00083-TMB-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No. 44) |

        The respondent has filed objections to the initial report and recommendation concerning the respondent's motion to dismiss. (Docket No. 53). The petitioner, Mr. Harvey, filed no response thereto. Nothing in the objections causes the Magistrate Judge to change his initial recommendation that the respondent's motion to dismiss be granted in part and denied in part. A few comments, however, are in order.

        Regarding Harvey's first claim, the respondent urges that the recommendation errs in finding that it was fairly presented to the Alaska Supreme Court. The respondent refers the court to *Galvan v. Alaska Dept. Of Corrections,* 397 F.3d 1198, 1204 (9th Cir. 2005) for the proposition that: "Briefing a case is not like writing a poem, where the message may be conveyed entirely through allusions and connotations. Poets may use ambiguity, but lawyers use clarity." True, but *Galvan* is

immediately distinguished from the instant case. There, the petitioner cited a federal case in support of a state standard regarding ineffective assistance of counsel, without ever clearly raising a claim under the federal constitution. As discussed in the recommendation Harvey's petition to the Alaska Supreme Court tied his facts necessary to state a claim into the very specific federal claim under the Sixth Amendment for ineffective assistance of counsel by citing to the seminal decision of *Strickland v. Washington,* 466 U.S. 668 (1984). Thus, he satisfied § 2254's exhaustion requirement by fair presentation of his first (DNA) claim before the Alaska Supreme Court. The respondent makes a good point that Harvey only expressly mentioned his trial counsel's approach to DNA evidence in his statement of facts and not in the argument portion of his petition. But the petition is fairly read as a whole, and there is no case law in support of the respondent's position that the briefing is fatally deficient on the grounds that it is scattered.

Regarding Harvey's second claim, the respondent contends that the recommendation misses the mark by finding that the challenge that it is too broad can be withstood because, although "the claim appears quite thin", it can be "further flushed out" through the process of litigation. Citing (with an incorrect citation) the case of *Bernier v. Moore,* 441 F.3d 395, 396 (1st Cir. 1971), the respondent reminds the court: "Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings." This is an accurate statement. But it is also a broad statement. Here, the court has given careful consideration to Harvey's pleading and finds that it is sufficient, albeit barely so. The remainder of the respondent's objections to the second claim is an argument essentially identical to the objections to the recommendation regarding the first claim. It fails for the same reasons discussed *supra*.

## CONCLUSION

For the foregoing reasons the Magistrate Judge declines to modify his recommendation that the respondent's motion to dismiss Harvey's petition for writ of *habeas corpus* (Docket No. 44) be **granted in part and denied in part**. The motion should be granted as to Harvey's third claim. The motion should be denied as to Harvey's first and second claims.

DATED this 28th day of December 2007, at Anchorage, Alaska.

    /s/ JOHN D. ROBERTS
JOHN D. ROBERTS
United States Magistrate Judge